# PETRILLO KLEIN & BOXER LLP

655 Third Avenue
22nd Floor
New York, NY 10017
Telephone: (212) 370-0330
www.pkbllp.com

Nelson A. Boxer
Direct Dial: (212) 370-0338
Cell: (917) 273-2693
nboxer@pkbllp.com

March 31, 2023

**By ECF**

The Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: *Arbeeny v. Cuomo et al.*, 22-CV-02336-LDH-LB

Dear Judge DeArcy Hall:

  Pursuant to Section III.A.1. of this Court's Individual Rules, on behalf of Defendant Dr. Howard A. Zucker we respectfully request a pre-motion conference in anticipation of making a motion to dismiss Plaintiff's First Amended Complaint (the "Amended Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

  Plaintiff is the alleged administrator of the estate of Norman Arbeeny, a former resident of Cobble Hill Health Center ("CHHC") who passed away on April 21, 2020. Plaintiff has alleged claims against former New York Governor Andrew Cuomo, State of New York, Melissa DeRosa, and Dr. Zucker, asserting purported "class" claims under 42 U.S.C. § 1983 and the Due Process Clause of the U.S. Constitution and statutory claims under New York's Estates Powers & Trusts Law. The Amended Complaint names Dr. Zucker as a Defendant but does not identify any specific connection between him and the claims at issue beyond his former statewide role as the Commissioner of the New York State Department of Health ("DOH"). For the reasons set forth below, Plaintiff has not stated any valid claim against Dr. Zucker.

  *First*, Plaintiff's § 1983 claim against Dr. Zucker in his individual capacity fails because qualified immunity applies, which "protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted). Qualified immunity, which is intended to balance "the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably[,]" *id.*, "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Panzella v. Cnty. of Nassau*, No. 13-CV-5640 (JMA) (SIL), 2015 WL 5607750, at *8

March 31, 2023
Page 2

(E.D.N.Y. Aug. 26, 2015) (citing *Malley v. Briggs,* 475 U.S. 335, 341 (1986)).  Here, Plaintiff's allegations against Dr. Zucker concern a March 25, 2020, DOH Directive ("Directive") that the Amended Complaint alleges was issued "on the advice and endorsement of" Dr. Zucker.  (Am. Compl. ¶ 18).  In relevant part, the Directive prohibited nursing homes from denying admission or re-admission "solely based on a confirmed or suspected diagnosis of COVID-19" and prohibited nursing homes "from requiring a hospitalized resident who is determined medically stable to be tested for COVID-19 prior to admission or readmission." (*Id.*)  Among other deficiencies, Plaintiff has not plausibly alleged that, at the outset of the COVID-19 pandemic, issuance of the Directive – which was consistent with federal Center for Disease Control's guidance – constituted conduct violative of clearly established statutory or constitutional rights of which a reasonable person would have known.  Under the circumstances, Plaintiff has not plausibly alleged that "any reasonable official would have known *for certain* that [Dr. Zucker's] conduct," as alleged, "was unlawful under then-existing precedent." *Liberian Cmty. Ass'n of Connecticut v. Lamont*, 970 F.3d 174, 187 (2d Cir. 2020) (emphasis added) (cleaned up) (citing *Ziglar v. Abbasi*, 582 U.S. 120, 152 (2017)).

Significantly, similar claims against Dr. Zucker have already been dismissed in the Eastern District of New York based upon qualified immunity.  On March 4, 2021, plaintiff Mary Mauro filed a complaint in the Eastern District of New York on behalf of herself and her deceased husband against Andrew Cuomo, Dr. Zucker, Fred Sganga, The Long Island State Veterans Home, and State University of New York.  (*See* No. 2:21-CV-1165 (HG) (ARL), Compl., ECF No. 1.)  On March 8, 2023, Hon. Hector Gonzalez granted defendants' motions to dismiss, finding that, because of sovereign immunity, Dr. Zucker was immune from plaintiffs' claims against him for any actions taken in his official capacity, and that qualified immunity protected Dr. Zucker from any claims against him in his individual capacity because plaintiffs did not sufficiently plead a violation of their federal rights.  (No. 2:21-CV-1165 (HG) (ARL), Mem. and Order, ECF No. 63, at 12–14.)  The court also held that plaintiffs "failed to establish that a reasonable state official confronted with the facts then known by the Defendants would have believed that their actions were unlawful." (*Id.* at 15.)  The court found that "'When [state] officials undertake to act in areas fraught with medical and scientific uncertainties, their latitude must be especially broad.'" (*Id.* at 12 (quoting *South Bay United Pentecostal Church v. Newsome*, 140 S.Ct. 1613, 1613 (2020) (Roberts, C.J., concurring in the judgment)).)  To protect that latitude, as the court noted, "federal courts around the country have granted state officials qualified immunity at the motion to dismiss stage for restrictions implemented during the COVID-19 pandemic on account of the public health crisis, and the ongoing and changing circumstances." (*Id.* at 13–14 (citing six federal cases).)  With respect to the instant Amended Complaint, Dr. Zucker faced the same "evolving and dynamic circumstances" created by the COVID-19 pandemic and, similar to the plaintiffs in *Mauro*, Plaintiffs here have not shown that a reasonable state official with the same facts known by Dr. Zucker would have thought that their actions were unlawful.  (*See id.* at 15–16.)

*Second*, Plaintiff fails to plausibly allege any causal connection between Dr. Zucker, the Directive, and the death at issue.  As a preliminary matter, the Amended Complaint fails to allege *any* interaction between Dr. Zucker and *any* CHHC staff member or resident, and instead relies on a DOH report that stated that "approximately 6,326 COVID-positive residents were admitted to

March 31, 2023
Page 3

nursing home facilities between March 25, 2020[,] and May 8, 2020[,] and that there had been 6,432 COVID-19 resident deaths in New York state nursing homes through late June." (Am. Compl ¶ 76). Plaintiff's attempt to connect the Directive to the death at issue is "too attenuated to be a plausible basis for showing [Dr. Zucker]'s personal involvement" in the alleged claims. *See Marom v. City of New York*, No. 15-CV-2017 (PKC), 2016 WL 916424, at *17 (S.D.N.Y. Mar. 7, 2016). Plaintiff has also not alleged that the purported constitutional deprivation was a "foreseeable consequence" of the Directive, as required to state a § 1983 claim, because Plaintiff failed "to draw any causal connection" between the Directive and Mr. Arbeeny's passing. *See id.* at *16, 19. Moreover, Plaintiff cannot rely solely on Dr. Zucker's position as the Commissioner of DOH as a basis for liability, as "[a]n individual cannot be held liable for damages under Section 1983 merely because he held a high position of authority." *Licari v. Toulon*, No. 22-CV-0148 (JMA) (SIL), 2022 WL 493210, at *3 (E.D.N.Y. Feb. 17, 2022) (citing *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 127 (2d Cir. 2004) (cleaned up)).

*Third*, Plaintiff's state law claim pursuant to New York's Estates Powers & Trusts Law should be dismissed because it is time-barred. According to the Amended Complaint Mr. Arbeeny passed away on April 21, 2020. (Am. Compl. ¶¶ 1, 7, 16.) The state law claim must be brought within two years of the decedent's death. New York Estates Powers & Trusts Law § 5-4.1. The Complaint in this case was not filed until April 26, 2022, five days after the two-year statute of limitations period expired. Plaintiff's state law claim should be dismissed as well.

For the reasons set forth above, Dr. Zucker respectfully requests a pre-motion conference in anticipation of making a motion to dismiss the Amended Complaint. If the Court determines that a pre-motion conference is unnecessary, Dr. Zucker respectfully requests permission to file a motion to dismiss the Amended Complaint.

Respectfully submitted,

Nelson A. Boxer
Deepa Devanathan

Copies to:
All counsel of record (by ECF)