

**ABRAMS | FENSTERMAN, LLP**

ATTORNEYS AT LAW

**White Plains**
81 Main Street, Suite 400
White Plains, NY 10601
914.607.7010 | P

Long Island · Brooklyn · White Plains · Rochester · Albany

June 16, 2023

**By ECF**

Honorable LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Newman v. Cuomo*, 23-cv-02391(LDH) (ARL)[1]

Dear Judge Hall:

This firm represents defendants Northwell Health, Inc. ("Northwell") and Michael Dowling, the President and Chief Executive Officer of Northwell, in this action. We are writing, pursuant to section III.A.1 of the Court's Individual Practice Rules, to request a pre-motion conference in anticipation of a motion to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiffs bring this action under 42 U.S.C. § 1983 alleging that plaintiffs' rights under the Fifth and Fourteenth Amendments of the U.S. Constitution were violated by two "Directives" issued in the early days of the COVID-19 pandemic by former Governor Andrew Cuomo, former Secretary to the Governor Melissa DeRosa and former New York State Health Commissioner Howard A. Zucker ("New York Defendants") concerning the admission and re-admission of COVID-19 patients to nursing homes and assisted living facilities. Notably, other courts have found that there is no basis for claims that former Governor Cuomo's executive orders issued during the pandemic violated 42 U.S.C. § 1983. *See Everest Foods Inc. v. Cuomo*, 585 F.Supp.3d 425 (S.D.N.Y. 2022) (granting motion to dismiss § 1983 claims that executive orders restricting indoor dining violated the Fifth and Fourteenth Amendments); *Lewis v. Cuomo*, 575 F.Supp.3d 386 (W.D.N.Y. 2021) (granting motion to dismiss § 1983 action claiming violation of plaintiffs' constitutional rights through issuance of various executive orders in response to the COVID-19 pandemic).

With respect to Northwell and Mr. Dowling in particular, they are private parties, not state actors. "In order to state a claim under § 1983, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law." *Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002). "While it is clear that private individuals are not state actors

---

[1] Pursuant to this Court's order of April 17, 2023, this action has been consolidated with *Arbeeny v. Cuomo*, 22-cv-2336 (LDH) (LB). Northwell and Mr. Dowling are not named as defendants in *Arbeeny v. Cuomo*.



such individuals can be liable for civil rights violations under Section 1983 if they have conspired, or engaged in joint activity with state actors." *Stewart v. Victoria's Secret Stores, LLC*, 851 F. Supp.2d 442, 445 (E.D.N.Y. 2012). "To plead joint action under Section 1983, a plaintiff must 'allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act.'" *Palmer v. City of New York*, 564 F.Supp.3d 221, 242 (E.D.N.Y. 2021) (quoting *Betts v. Shearman*, 751 F.3d 78, 84 (2d Cir. 2014). "Put differently, a private actor acts under color of state law when the private actor 'is a willful participant in joint activity with the State or its agents.'" *Ciambriello*, 292 F.3d at 324 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)). To allege a conspiracy against a private party, a plaintiff "must allege (1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Ciambriello*, 292 F.3d at 324-25. "Under both theories of liability, '[a] merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity.'" *Palmer*, 564 F.Supp.3d at 243 (quoting *Ciambriello*, 292 F.3d at 324-25).

The Complaint does not allege an agreement between the New York Defendants and Northwell or Mr. Dowling; it asserts only that the New York Defendants issued the Directives "at the behest and with the assistance of," "at the urging of" and in response to lobbying by Northwell. Complaint, at 2, 3, 5, ¶¶ 35, 41 & 171. None of those allegations would, even if true, establish an agreement or joint action. *See Concourse Nursing Home v. Engelstein*, No. 95 Civ. 1666 (WK), 1997 WL 672015, at *2 (S.D.N.Y. Oct. 29, 1997) ("Generally, a finding of 'joint action' requires some form of illegal conduct such as a bribe beyond the mere request or demand for action."). In fact, the Complaint alleges nothing more than perfectly legal attempts by private entities to encourage government action. *See Weiss v. Willow Tree Civic Ass'n*, 467 F. Supp 803, 816, 818 (S.D.N.Y. 1979) (Weinfeld, J.) ("[T]he First Amendment protects attempts to influence the passage or enforcement of laws . . . .") (internal quotation marks omitted).

Even assuming, arguendo, that the Complaint can somehow be read to allege an agreement between the New York Defendants and Northwell or Mr. Dowling, any such allegations are entirely conclusory and lack any supporting facts whatsoever. That is completely insufficient. As the Court held in *Stewart v. Victoria's Secret Stores*, "[j]oint action with a state official can be found only if it is shown that the private individual acted in 'willful collaboration' with a state actor to deprive the plaintiff of a federal right. Such collaboration is stated only if a plaintiff can plead more than 'conclusory allegations' or 'naked assertions.'" 851 F. Supp.2d at 445; *see also Bacquie v. New York*, No. 99 Civ. 10950 (JSM), 2000 WL 1051904, at *1 (S.D.N.Y. July 31, 2000) ("The pleadings must present specific facts tending to show agreement and concerted action.").

Plaintiffs claim that Northwell and GNYHA engaged in state action by drafting the Directives. Complaint, ¶¶ 41, 53. But that assertion alone (even if it were true) is insufficient to state a section 1983 violation. *Omnipoint Communications v. Comi*, 233 F.Supp.2d 388, 395 (N.D.N.Y. 2002) (rejecting claim that the party that drafted proposed legislation was acting under color of state law, because "if this Court were to adopt Omnipoint's contention, any private citizen that recommended proposed legislation or drafted proposed legislation that was subsequently declared unconstitutional would be subject to liability under section 1983."); *see also Chapel Farm*

2



*Estates, Inc. v. Moerdler*, No. 01 Civ. 3601 (MBM), 2003 WL 21998964, at *6 (S.D.N.Y. Aug. 22, 2003) (lobbying is not state action because § 1983 "does not afford a remedy for injuries that may be sustained as an incident to private individuals' exercise of their fundamental rights to assemble, petition and associate for the purpose of influencing openly and without force officials of state and local governments.").

The Complaint also fails to state a claim against Northwell and Mr. Dowling because it defines them collectively as "Northwell" and does not sufficiently differentiate between their actions. Complaint, ¶¶ 2, 3, 5, 35, 36, 53, & 171. "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Spavone v. New York State Dep't of Correc. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013). "Pleadings that do not differentiate which defendant was involved in the unlawful conduct are insufficient to state a claim." *Ying Li v. City of New York*, 246 F. Supp.3d 578, 598 (E.D.N.Y. 2017); *see also Adams v. City of New York*, No. 21-cv-3956 (RPK) (LB), 2023 WL 2734611, at *6 (E.D.N.Y. Mar. 31, 2023) ("[C]ourts in this Circuit routinely find that group pleading akin to plaintiff's is insufficient to allege the personal involvement necessary for Section 1983 liability.").[2]

One of the only allegations that specifically applies to Mr. Dowling is the assertion that defendant Melissa DeRosa sent him two emails. Complaint, ¶¶ 49-54. But mere "[c]ommunications between a private and a state actor, without facts supporting a concerted effort or plan between the parties, are insufficient to make the private party a state actor. *Fisk v. Letterman*, 401 F. Supp.2d 362, 377 (S.D.N.Y. 2005); *see also Morpurgo v. Inc. Vill. of Sag Harbor*, 697 F. Supp.2d 309, 338 (E.D.N.Y. 2010) (same).

Finally, we request a stay of discovery, including initial disclosures and a discovery plan pursuant to Rules 26(a)(1) and (f) of the Federal Rules of Civil Procedure, pending the Court's decision on the motion to dismiss. *See Chesney v. Valley Stream Union Free School Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006) (setting forth the factors courts consider in deciding whether to stay discovery). Good cause exists here for a stay. First, Northwell and Mr. Dowling have made a substantial showing that the plaintiffs' claims against them are unmeritorious. Second, the deficiencies in the plaintiffs' claims cannot be remedied by repleading. Third, this case was only recently filed; no initial disclosures have yet been exchanged and no discovery has been demanded or scheduled. *See Contracto Ltd. v. Fast Search & Transfer Int'l, AS*, No. 12-cv-1930 (JS) (ARL), 2012 WL 12252587, at *2 (E.D.N.Y July 12, 2012) ("[T]he procedural posture of this action supports a stay given the case is newly filed, no party has served initial disclosures or discovery

---

[2] In addition, the Complaint fails to allege any facts that would support a claim that defendants' purported actions "shocked the conscience" as is required to state a substantive due process claim. *See Lombardi v. Whitman*, 485 F.3d 73, 81 (2d Cir. 2007) ("In order to shock the conscience and trigger a violation of substantive due process, official conduct must be outrageous and egregious under the circumstances; it must be truly brutal and offensive to human dignity.") (citation and quotations omitted). Nor does the Complaint sufficiently allege that defendants' supposed actions caused the harm to plaintiffs, in that government decision makers adopted the ultimate Directives. *Townes v. City of New York*, 176 F.3d 138, 147 (2d Cir. 1999).

demands and therefore a stay would not disrupt the progress of an ongoing discovery matter."). Fourth, discovery will likely be broad and burdensome and will serve no purpose if the motion is granted. *See Vida Press v. Dotcom Liquidators, Ltd.*, 22-cv-244 (HG) (JMW), 2022 WL 17128638, at *2 (E.D.N.Y. Nov. 22, 2022) ("Additionally, the second factor favors a stay as the breadth of discovery and corresponding burden of responding would prejudice Defendant if its motion to dismiss is indeed granted.").

For all of these reasons, Northwell and Mr. Dowling seek leave to file a motion to dismiss the Complaint and request that the Court stay all discovery pending a decision on the motion to dismiss.

Thank you for your consideration of this request.

Respectfully yours,

Edward A. Smith

cc: All parties
**(By ECF)**

4