**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DANIEL N. ARBEENY, as the Administrator of the Estate of NORMAN ARBEENY (deceased), individually and on behalf of others, SEAN S. NEWMAN, as the Administrator of the Estates of MICHAEL J. NEWMAN (deceased), and DOLORES D. NEWMAN (deceased), and individually and on behalf of others,<br><br>        Plaintiffs,<br><br>    v.<br><br>ANDREW M. CUOMO, MELISSA DEROSA, HOWARD A. ZUCKER, M.D., GREATER NEW YORK HOSPITAL ASSOCIATION, KENNETH RASKE, NORTHWELL HEALTH, INC., MICHAEL DOWLING, and JOHN DOES A-Z,<br><br>        Defendants. | Civil Action No. 22-CV-2336-LDH-LB<br>(Consolidated with 23-CV-02391-GRB-ARL) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT MELISSA DEROSA'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Gregory Morvillo, Esq.
**MORVILLO PLLC**
1740 Broadway, 15th Floor
New York, New York 10019
Telephone: 646.831.1531
Email: gm@morvillopllc.com

*Attorneys for Defendant Melissa DeRosa*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT……………………………………………………………………….1

ARGUMENT……………………………………………………………………………………….…..1

I. THE FIRST COUNT SHOULD BE DISMISSED FOR FAILURE TO STATE A SECTION 1983 CLAIM AGAINST MS. DEROSA………………………………………….....………1

    A. Plaintiffs Have Conceded Their Failure To Plead Any Facts Establishing Ms. DeRosa's Personal Involvement In Any Deprivation Of Decedents' Statutory Or Constitutional Rights……………………………………………………………………………...…1

    B. Plaintiffs Have Failed To Plead The Required Elements Of A Claim Against Ms. DeRosa Under The State-Created-Danger Doctrine…………………………………………...4

    C. Plaintiffs Have Failed To Allege Facts Plausibly Showing That Ms. DeRosa Caused Decedents Any Harm Whatsoever, Much Less Their Deaths……………………………...6

II. PLAINTIFFS' SECTION 1983 CONSPIRACY CLAIM SHOULD BE DISMISSED…….6

III. PLAINTIFFS' SECTION 1985(3) CONSPIRACY CLAIM SHOULD BE DISMISSED………………………………………………………………………..….8

IV. PLAINTIFFS HAVE FAILED TO ADDRESS, AND THUS HAVE CONCEDED, MS. DEROSA'S ENTITLEMENT TO QUALIFIED IMMUNITY FROM ALL OF PLAINTIFFS' FEDERAL CLAIMS…………………………………………………..…8

V. PLAINTIFFS' EPTL CLAIM SHOULD BE DISMISSED………………………....…..9

CONCLUSION……………………………………………………………………….………10

# **TABLE OF AUTHORITIES**

**Cases**

*Atuahene v. City of Hartford*,

    10 F. App'x 33 (2d Cir. 2001)……………………..……………........…10

*Berliner v. Port Auth. of N.Y. & N.J*,

    No. 08-CV-3152, 2008 WL 11434516 (E.D.N.Y. Nov. 17, 2008) …………..……….....…7

*Black v. Coughlin*,

    76 F.3d 72 (2d Cir. 1996)……………………………………….....…..……....…8

*Chambers v. N. Rockland Cent. Sch. Dist.*,

    815 F. Supp. 2d 753 (S.D.N.Y. 2011)…………………….…………………….….5

*Ciambriello v. Cty. of Nassau*,

    292 F.3d 307 (2d Cir. 2002)………………………….…………….…………....……7

*City of New Rochelle v. Town of Mamaroneck*,

    111 F. Supp. 2d 353 (S.D.N.Y. 2000)…………………………………..……..…..9

*Farid v. Ellen*,

    593 F.3d 233 (2d Cir. 2010)……………………………………………..…………2

*Farrell v. Burke*,

    449 F.3d 470 (2d Cir.2006)……………………………………………..………..2

*Fulani v. McAuliffe*,

    No. 04 Civ. 6973, 2005 WL 2276881 (S.D.N.Y. Sept 19, 2005)………...……..……..7

*Kolari v. New York-Presbyterian Hosp.*,

    455 F.3d 118 (2d Cir. 2006)……………………………….....………………..……9

*Lombard v. Booz-Allen & Hamilton, Inc.*,

    280 F.3d 209 (2d Cir. 2002)…………………………………...…………….…..9

*Lombardi v. Whitman*,

    485 F.3d 73 (2d Cir. 2007)………..………………………....……………....…5

*Mauro v. Cuomo*,

    2023 U.S. Dist. LEXIS 38964 (S.D.N.Y. Mar. 8, 2023)……..……...……………..…8

*Pagan v. City of New York*,

    No. 15-CV-05825, 2019 WL 8128482 (E.D.N.Y. Mar. 28, 2019)……..…………...…..…9

*Pearson v. Callahan*,

    555 U.S. 223 (2009)……………………..…………………………………………..8

*Saucier v. Katz*,

    533 U.S. 194 (2001)……………………..……………………………………….…8

*Schwartzco Enters. LLC v. TMH Mgmt., LLC*,

    60 F. Supp. 3d 331 (E.D.N.Y. 2014)…………..……………………..……………...…10

*Singer v. Fulton Cty. Sheriff*,

    63 F.3d 110 (2d Cir. 1995)…………………...…………..……..…………….…7

*Tangreti v. Bachmann*,

    983 F.3d 609 (2d Cir. 2020)………………...…………………………………...…2

*Victory v. Pataki*,

    814 F.3d 47 (2d Cir. 2016)…………………….....…………….……………….…3

**<u>Statutes</u>**

28 U.S.C. § 1367………..……………………………………………………………....9

28 U.S.C. § 1983…………………………………………………………………..…….7, 8

N.Y. E.P.T.L. § 5-4.1……………………………………………………………….….9

**<u>Rules</u>**

Fed. R. Civ. P. 12(b)(6)………………………………………………………………..3, 8

# PRELIMINARY STATEMENT

Ms. DeRosa, once again, has been sued because she is a recognizable member of the Cuomo administration—not because she engaged in any conduct that could result in liability. This Court should put an end to it. Plaintiffs' SAC[1] and opposition to Ms. DeRosa's motion to dismiss fail on numerous fronts, the most obvious of which is that they allege no facts that suggest Ms. DeRosa had a causal connection to the tragic deaths of Decedents. Instead, Plaintiffs rely on generalized group accusations, Ms. DeRosa's position in the Executive Chamber, and her book. None of this is sufficient to permit Plaintiffs' suit against Ms. DeRosa to continue. And even if Plaintiffs had made sufficient allegations in their SAC (though they do not), Ms. DeRosa is in any event entitled to qualified immunity for the very reason Plaintiffs seek to sue her—her position in the Executive Chamber—which Plaintiffs entirely ignore in their opposition. Ms. DeRosa respectfully submits that the case law and the dearth of facts alleged against Ms. DeRosa compel her dismissal from this litigation.

# ARGUMENT[2]

## I. THE FIRST COUNT SHOULD BE DISMISSED FOR FAILURE TO STATE A SECTION 1983 CLAIM AGAINST MS. DEROSA

### A. Plaintiffs Have Conceded Their Failure To Plead Any Facts Establishing Ms. DeRosa's Personal Involvement In Any Deprivation Of Decedents' Statutory or Constitutional Rights

In her moving brief, Ms. DeRosa clearly demonstrated that Plaintiffs have failed to plead facts sufficient to establish liability under Section 1983. Their entire case against her rests on her

---

[1] Capitalized terms not defined herein have the meanings ascribed in Ms. DeRosa's moving brief.
[2] Ms. DeRosa incorporates the arguments made in the reply briefs submitted by her co-defendants in further support of their respective motions to dismiss the SAC, to the extent those arguments are applicable to the claims and allegations asserted against her and not captured by her arguments set forth below.

1

position of authority in the Executive Chamber and not on her affirmative conduct. Plaintiffs' opposition offers no basis for this Court to deny Ms. DeRosa's motion to dismiss.

Applicable Second Circuit law is not in dispute. Well-pled factual allegations establishing Ms. DeRosa's personal involvement are a fundamental requirement; without them, Plaintiffs cannot state a Section 1983 claim against her. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010); *Farrell v. Burke,* 449 F.3d 470, 484 (2d Cir.2006) ("It is well settled in this Circuit that personal involvement of [the] defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [Section] 1983."). The law provides "no special rule for supervisory liability"; Plaintiffs were required to plead facts plausibly showing that Ms. DeRosa—through her "own individual actions"—violated the Constitution. *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) (internal quotation marks and citation omitted).

It is also undisputed that Plaintiffs do not point to a single well-pled allegation set forth in the SAC that could establish Ms. DeRosa's Section 1983 liability. Indeed, for purposes of this Motion, which is based solely on the SAC, the following facts are not in dispute:

- Ms. DeRosa's name does not appear on any of the Advisories.
- She did not hold a position with NYSDOH.
- She did not participate in drafting, developing, implementing, or enforcing the policy underlying the Advisories.
- She did not have any responsibility or authority relating to the Advisories' issuance or non-issuance.
- She did not have any interaction whatsoever with any of the Decedents or with CHHC, Grandell, or LILC concerning their care.
- And, Ms. DeRosa did not commit any affirmative and conspiratorial acts intending to harm any of the Decedents.

In short, Plaintiffs do not point to a single allegation in the SAC that could establish Ms. DeRosa's personal involvement in any violation of Decedents' statutory or constitutional rights.

2

Instead, Plaintiffs attempt to rely on facts **not** set forth in the SAC. They quote from Ms. DeRosa's book, in which she described herself as "'the most senior member'" of Governor Cuomo's "team," and from a third-party magazine referring to Ms. DeRosa as "the highest appointed person in the state." Opp. Br. at 13. Even if the Court assumed those facts to be true—though it should not, as they have not been pled—they would not state a claim against Ms. DeRosa, because Second Circuit law prohibits Plaintiffs from pursuing Section 1983 claims against Ms. DeRosa on mere allegations that she was in the "chain of command," *Tangreti*, 983 F.3d at 618, and "held a high position of authority," *Victory v. Pataki*, 814 F.3d 47, 67 (2d Cir. 2016), *as amended* (Feb. 24, 2016)—because "there is no special rule for supervisory liability," *Tangreti*, 983 F.3d at 616.

Moreover, Plaintiffs' suggestion that Ms. DeRosa should have submitted a sworn Certification stating that "[she] had nothing to do with the promulgation" of the Advisories is ridiculous. Ms. DeRosa does not bear any burden, on a Rule 12(b)(6) motion, to submit evidence to affirmatively rebut or disprove even a well-pled allegation, much less phantom allegations that were never pled. Quite the opposite, Ms. DeRosa invokes Rule 12(b)(6) to enforce <u>Plaintiffs' burden</u> to <u>plead facts</u> showing her <u>personal involvement</u>. Plaintiffs do not point to a single allegation in the SAC that could support a finding of Section 1983 liability against Ms. DeRosa.

Plaintiffs' failure to plead Ms. DeRosa's personal involvement in the drafting or effectuation of the Advisories is fatal to their Section 1983 claim. This is true whether the relief is sought under the Federal Nursing Home Reform Act of 1987 or a substantive due process right

3

"to be free from cruel, unhuman, or degrading treatment," "to safe conditions," "to life," "to bodily integrity," or "to be free from state-created danger."[3]

In all events, Plaintiffs have failed to plead <u>any facts</u> showing that Ms. DeRosa engaged in <u>any unlawful conduct</u> of <u>any nature</u>. Rather, Plaintiffs indisputably and impermissibly seek to hold her liable solely because she served as Secretary to the Governor. The SAC's First Count must therefore be dismissed as against Ms. DeRosa.

### B. Plaintiffs Have Failed To Plead The Required Elements Of A Claim Against Ms. DeRosa Under The State-Created-Danger Doctrine

Ms. DeRosa's moving brief demonstrated that Plaintiffs failed to plead facts establishing three fundamental elements, as the law requires. They are: (1) Mr. Arbeeny, Mr. Newman, and Mrs. Newman respectively suffered an act of "private violence" at the hands of CHHC, Grandell, and LILC; (2) Ms. DeRosa affirmatively communicated with each facility in a way that "official[ly] sanction[ed] … private violence" against the respective Decedents; and (3) Ms. DeRosa's conduct shocks the conscience.[4] Plaintiffs raised no challenge to Ms. DeRosa's recitation of the controlling law.

Plaintiffs' failures are fatal to their claims against Ms. DeRosa. They have not alleged any facts showing that CHHC, Grandell, and LILC—as the alleged perpetrators of "private violence"—committed any act that caused Decedents any violent harm. And Plaintiffs fail to even allege that Ms. DeRosa communicated with the subject facilities at all, let alone in a manner that "official[ly] sanction[ed]" acts of "private violence" against Decedents. Nor have they alleged any

---

[3] With respect to Plaintiffs' contentions that the Advisories violated such rights, Ms. DeRosa, in the interest of economy, relies on the arguments made in her moving brief and joins in and incorporates here the legal arguments made by the other Defendants. The defense arguments demonstrate clearly that the Advisories did not violate any of Decedents' rights.

[4] Mov. Br. at 9-10.

4

facts that, if true, could show Ms. DeRosa encouraged, condoned, or was a substantial cause of any danger to Decedents. *See Chambers v. N. Rockland Cent. Sch. Dist.*, 815 F. Supp. 2d 753, 769 (S.D.N.Y. 2011) (state-created danger only applicable where government defendant "is a substantial cause of the danger or at least enhance[s] it in a material way") (internal alteration and quotation marks omitted). Finally, Plaintiffs have not pled any facts showing that Ms. DeRosa acted in any conscience-shocking manner.

Plaintiffs' only effort to keep Ms. DeRosa in this litigation is their improper reliance upon statements made in her book. Plaintiffs seek to rely on the fact that the book—which was published more than three and half years after the Advisories were issued—merely mentions the Advisories. This, however, is not a well-pled fact establishing Ms. DeRosa's personal involvement in the creation of the Advisories. And, contrary to Plaintiffs' baseless suggestion, Ms. DeRosa's written comment about the Advisories does not constitute—in any way, shape, or form—conscience-shocking conduct. *See Lombardi v. Whitman*, 485 F.3d 73, 81 (2d Cir. 2007) ("In order to shock the conscience and trigger a violation of substantive due process, official conduct must be outrageous and egregious under the circumstances; it must be truly brutal and offensive to human dignity."). It cannot be that the mere mention of the Advisories, in a book that details much of New York State's Covid response, opens Ms. DeRosa to liability. To be clear, Plaintiffs have not pointed to a single well-pled factual allegation showing that Ms. DeRosa participated in the creation or issuance of the Advisories or had any interaction whatsoever with Decedents or the facilities. Accordingly, applicable law compels dismissal of Plaintiffs' Section 1983 claim against Ms. DeRosa.

### C. Plaintiffs Have Failed To Allege Facts Plausibly Showing That Ms. DeRosa Caused Decedents Any Harm Whatsoever, Much Less Their Deaths

Plaintiffs make no argument that any affirmative conduct of Ms. DeRosa caused Decedents to suffer any sort of harm. Plaintiffs have thus indisputably failed to satisfy Section 1983's bedrock requirement of factual allegations showing Ms. DeRosa's personal involvement in a deprivation of Decedents' federal rights. That, standing alone, is dispositive of Plaintiffs' Section 1983 claims against her. Likewise dispositive is Plaintiffs' neglect to plead any facts showing causation, as embedded within the three-prong analysis applicable under the state-created-danger doctrine.

Plaintiffs seek to end-run the applicable law and suggest that the Court should apply a "toxic tort" causation analysis to determine whether the Advisories played any causal role in Decedents' deaths. This, however, is irrelevant to the disposition of Ms. DeRosa's motion. And, in any event, the SAC pleads no facts that establish how, where, when, or from whom Decedents may have contracted Covid. In fact, the SAC does not allege that Decedents ever interacted with any Covid-infected person at any time or place, or even that any Covid-positive individual was admitted to Decedents' respective nursing homes, pursuant to the Advisories, while Decedents resided there. Much less do Plaintiffs plead that the admission of a Covid-positive individual—rather than a staff member or other person—caused Decedents to contract Covid. The SAC is wholly deficient on these vital issues.

Thus, because the SAC fails to establish any basis to hold Ms. DeRosa legally responsible for Decedents' allegedly contracting, and dying from, Covid, the Section 1983 claim against her should be dismissed.

### II.  PLAINTIFFS' SECTION 1983 CONSPIRACY CLAIM SHOULD BE DISMISSED

As explained in Ms. DeRosa's Opening Brief (at 16-17), Plaintiffs' Section 1983 conspiracy claim should be dismissed because it does not plead facts making it plausible that Ms.

6

DeRosa (1) agreed with anyone (2) to inflict an unconstitutional injury and (3) committed an overt act in furtherance of that agreement, causing damages. *See Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002). This claim further fails because Plaintiffs have made no well-pled allegations of an underlying constitutional violation—the "*sine qua non* of a § 1983 action." *Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995).

Plaintiffs concede that "conclusory allegations of a § 1983 conspiracy are insufficient." Opp. Br. at 29. They further acknowledge that they must "provide some factual basis supporting a meeting of the minds ... to achieve the unlawful end, augmented by some details of time and place ...." *Id.* at 28. Yet Plaintiffs do not even attempt to satisfy this standard. Rather, their opposition—like the SAC—contains only glancing references to Ms. DeRosa, none of which approaches the required pleading standard. *See id.* at 6 (quoting SAC ¶ 50 for the vague and conclusory allegation that Governor Cuomo issued directives "on the advice, cooperation, and endorsement of ... Secretary DeRosa"); *id.* at 13 (alleging that Ms. DeRosa was "the most senior member of [Governor Cuomo's] team" and "was in charge of coordinating Governor Cuomo's response and oversaw[] every vertical in Cuomo's office from top to bottom") (quotation marks omitted). These allegations are insufficient as a matter of law to survive dismissal.

Plaintiffs attempt to fall back on the protestation that "conspiracies are by their very nature secretive operations." Opp. Br. at 29. But this cannot save them. The law is clear that such secrecy "does not relieve [Plaintiffs] of [their] obligation to allege facts sufficient to plausibly assert the existence of an agreement ... to inflict an unconstitutional injury." *Berliner v. Port Auth. of N.Y. & N.J.*, No. 08-CV-3152 (BMC), 2008 WL 11434516, at *4 (E.D.N.Y. Nov. 17, 2008) (quotation marks and ellipsis omitted); *see also Fulani v. McAuliffe*, No. 04 Civ. 6973 (LAP), 2005 WL 2276881, at *4 (S.D.N.Y. Sept 19, 2005) ("Of course, if potential secrecy was a valid defense

7

of a poorly pleaded conspiracy complaint, the most outlandish and ludicrous conspiracy allegations would emerge from 12(b)(6) motions unscathed. Plaintiffs' position would reduce the conspiracy pleading standard to a mere formality.").

Likewise, Ms. DeRosa's prominence in the Cuomo administration is not a basis for liability. *See Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996) ("[A] defendant in a § 1983 action may not be held liable for damages for constitutional violations merely because he held a high position of authority."). Accordingly, Plaintiffs' Section 1983 conspiracy claim should be dismissed.

### III. PLAINTIFFS' SECTION 1985(3) CONSPIRACY CLAIM SHOULD BE DISMISSED

Plaintiffs concede that this claim should be dismissed. Opp. Br. at 28 n.1.

### IV. PLAINTIFFS HAVE FAILED TO ADDRESS, AND THUS HAVE CONCEDED, MS. DEROSA'S ENTITLEMENT TO QUALIFIDED IMMUNITY FROM ALL OF PLAINTIFFS' FEDERAL CLAIMS

In all events, Ms. DeRosa is entitled to qualified immunity because Plaintiffs have pled no facts showing that she violated "clearly established statutory or constitutional rights" possessed by Decedents "of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quotation marks omitted). Plaintiffs have not pled a single allegation that Ms. DeRosa engaged in any affirmative conduct that could have in any way violated any of Decedents' federal rights. Indeed, the SAC does not allege that Ms. DeRosa did <u>anything</u> in connection with the Advisories, much less that she was "plainly incompetent" or "knowingly violate[d] the law." *Saucier v. Katz*, 533 U.S. 194, 202 (2001). Without such facts, there is no basis to deny Ms. DeRosa qualified immunity.

Plaintiffs do not even attempt to distinguish the decision in *Mauro v. Cuomo*, 2023 U.S. Dist. LEXIS 38964 (S.D.N.Y. Mar. 8, 2023). There, the Court granted qualified immunity to

Governor Cuomo and Dr. Zucker in connection with another health advisory to nursing homes issued at the beginning of the pandemic. Nor could Plaintiffs distinguish it, because the same circumstances that warranted immunity in *Mauro* exist here, as the Advisories were issued only twelve and twenty-five days, respectively, after the advisory at issue in *Mauro*.

Accordingly, the same legal analysis and reasoning applies here and compels dismissal of Plaintiffs' federal claims against Ms. DeRosa on immunity grounds.

## V.     PLAINTIFFS' EPTL CLAIM SHOULD BE DISMISSED

Finally, Plaintiffs do not deny—because they cannot—that this Court may decline to exercise supplemental jurisdiction over their state-law claim under N.Y. E.P.T.L. § 5-4.1 ("EPTL") upon dismissing all of Plaintiffs' federal claims. *See* 28 U.S.C. § 1367(c)(3); *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006). The Court should do so where, as here, "the state claims constitute the real body of [the] case," and litigating them here would "allow[] a federal tail to wag what is in substance a state dog." *City of New Rochelle v. Town of Mamaroneck*, 111 F. Supp. 2d 353, 371 (S.D.N.Y. 2000) (quotation marks omitted). For this reason alone, the Court should dismiss Plaintiffs' EPTL claim for lack of subject matter jurisdiction.

Moreover, Plaintiffs cannot point to a single allegation in the SAC that could support a finding that Ms. DeRosa caused them harm. *See Pagan v. City of New York*, No. 15-CV-05825 (LDH) (RLM), 2019 WL 8128482, at *3 (E.D.N.Y. Mar. 28, 2019) ("Causation is ... an essential element of a wrongful-death claim under New York law ...."). It is black-letter law that, to establish causation based on negligence (as Plaintiffs seek to do, *see* Pls.' Br. at 31), a plaintiff must show "(i) a duty owed to the plaintiff by the defendant; (ii) breach of that duty; and (iii) injury substantially caused by that breach." *Lombard v. Booz-Allen & Hamilton, Inc.*, 280 F.3d 209, 215 (2d Cir. 2002). Plaintiffs have not alleged any of these elements. They plead no basis on which the

9

Court could find that Ms. DeRosa owed them any duty, much less committed any act or omission that might be construed as a breach of such duty. Certainly, they cannot show that the Decedents' deaths were substantially caused by any such breach.

Hamstrung by their own pleading, Plaintiffs resort to lumping Ms. DeRosa together with the other Defendants into an undifferentiated group that supposedly engaged in unspecified "collective acts and/or omissions." Opp. Br. at 32; *see also* SAC ¶ 50 (making similarly vague and undifferentiated allegations of "advice, cooperation, and endorsement" against Ms. DeRosa and Defendant Zucker as a group). Group pleading of this sort simply is not permitted. *See Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, Atuahene's complaint failed to satisfy [Rule 8's] minimum standard, even after the district court graciously accorded him several opportunities to correct its manifest flaws. Consequently, the district court did not abuse its discretion in dismissing the complaint."); *Schwartzco Enters. LLC v. TMH Mgmt., LLC*, 60 F. Supp. 3d 331, 356 (E.D.N.Y. 2014) ("[W]here the claim . . . is not rooted in fraud, the Plaintiffs cannot hide behind 'group pleading' of the sort here that fails to distinguish between the defendants."). Accordingly, Plaintiffs' EPTL claim fails on the merits as well as for lack of subject matter jurisdiction.

## CONCLUSION

For these reasons, and those set forth in Ms. DeRosa's moving brief, the SAC should be dismissed in its entirety as against Ms. DeRosa for failure to state claims for relief.

Dated:  January 23, 2024               Respectfully submitted,

**MORVILLO PLLC**

By: *s/ Gregory Morvillo*
        Gregory Morvillo, Esq.

10