**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DANIEL N. ARBEENY, as the Administrator of the Estate of NORMAN ARBEENY (deceased), individually and on behalf of others, and SEAN S. NEWMAN, as the Administrator of the Estates of MICHAEL J. NEWMAN (deceased) and DOLORES D. NEWMAN (deceased), individually and on behalf of others.<br><br>           Plaintiffs,<br><br>v.<br><br>ANDREW M. CUOMO, MELISSA DEROSA, HOWARD A. ZUCKER, M.D., GREATER NEW YORK HOSPITAL ASSOCIATION, KENNETH RASKE, NORTHWELL HEALTH, INC., MICHAEL DOWLING, and JOHN DOES A-Z,<br><br>           Defendants. | 22-CV-2236 (LDH) (LB)<br>23-CV-2391 (LDH) (ARL) |

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF GOVERNOR ANDREW M. CUOMO'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

                         Rita M. Glavin
                         Katherine E. Petrino
                         Leo Korman
                         GLAVIN PLLC
                         156 West 56th Street, Ste. 2004
                         New York, NY 10019
                         Tel: (646) 693-5505
                         rglavin@glavinpllc.com

                         *Attorneys for former Governor*
                         *Andrew M. Cuomo for Individual*
                         *Capacity Claims*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

    I.    Plaintiffs' federal claims should be dismissed ........................................................ 2

        A.    Governor Cuomo's Lack of Personal Involvement In The Deprivation of Any Right ................................................................................................. 2

        B.    The "Strict Scrutiny" Standard Does Not Apply ....................................... 3

        C.    Plaintiffs Have Not Alleged a Violation Of Federal Constitutional or Statutory Law For A § 1983 Claim .............................................................. 4

        D.    Plaintiffs Fail to Plead That the Advisories Were the Proximate Cause the Injury ............................................................................................................ 6

        E.    The Federal Conspiracy Claims Fail ........................................................... 6

    II.    State WRONGFUL DEATH claim FAILS ............................................................. 7

    III.    Governor Cuomo Is Entitled to Qualified Immunity .............................................. 8

CONCLUSION ............................................................................................................................. 11

# **TABLE OF AUTHORITIES**

**Cases**

*Agudath Israel of America v. Cuomo*, 983 F.3d 620 (2d. Cir. 2020) ......................................... 3, 4

*S. Bay United Pentecostal Church v. Newsom*, 140 S. Ct. 1613 (2020) ......................................... 4

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................................................ 1

*Ayers v. Coughlin*, 780 F.2d 205 (2d Cir. 1985) ............................................................................. 3

*Black v. Coughlin*, 76 F.3d 72 (2d Cir. 1996) ................................................................................. 3

*Chamberlain v. City of White Plains*, 986 F. Supp. 2d 363 (S.D.N.Y. 2013) ............................ 7, 8

*Cnty. of Sacramento v. Lewis*, 523 U.S. 833 (1998) ..................................................................... 10

*Est. of DeRosa v. Murphy*, No. 22-2301(ZNQ)(TJB) 2023 WL 3431218 (D.N.J. May 12, 2023) ... 10

*Francis v. Coughlin*, 849 F.2d 778 (2d. Cir. 1988) ........................................................................ 9

*Giggetts v. Cnty. of Suffolk*, No. 19-CV-4885, 2022 WL 1046311 (E.D.N.Y. Apr. 7, 2022) ........ 2

*Golian v. N.Y.C. Admin. for Children Servs.*, 282 F. Supp. 3d 718, 730 (S.D.N.Y. 2017) ............ 6

*Gonzalez v. City of Schenectady*, 728 F.3d 149 (2d Cir. 2013) ...................................................... 9

*Goodman v. Goodman*, 2022 WL 17826390, (S.D.N.Y. Dec. 21, 2022) ........................................ 9

*Guettlein v. U.S. Merch. Marine Acad.*, 577 F. Supp. 3d 96 (E.D.N.Y. 2021) .............................. 4

*H.J. Inc. v. Nw. Bell. Tel. Co.*, 492 U.S. 229 (1989) ...................................................................... 1

*Jacobson v. Massachusetts*, 197 U.S. 11 (1905) ............................................................................ 4

*L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419 (2d Cir. 2011) ................................................. 8

*Lombardi v. Whitman*, 485 F.3d 73 (2d Cir. 2007) ............................................................... 5, 6, 10

*Marion County v. Talevski*, 599 U.S. 166 (2023) .......................................................................... 5

*Mauro v. Cuomo*, 21-CV-1165 (HG) (ARL), 2023 WL 2403482 (E.D.N.Y. Mar. 8, 2023) 3, 9, 10

*Mitchell v. Forsyth*, 472 U.S. 511 (1985) ...................................................................................... 9

*Morpurgo v. Incorporated Village of Sag Harbor, et al.*, 697 F. Supp. 2d 309 (E.D.N.Y. 2010) ... 7

*Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) ........................................................................... 1

*Pagan v. City of New York*, 15-CV-5825 (LDH) (RLM), 2019 WL 8128482 (E.D.N.Y. Mar. 28, 2019) ......................................................................................................................... 6, 8

*Roman Catholic Diocese of Brooklyn v. Cuomo*, 592 U.S. 14 (2020) ........................................ 3, 4

*Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir. 2020) ..................................................................... 2

*Vegam v. Semple*, 963 F.3d 259 (2d. Cir. 2020) .......................................................................... 10

*Youngberg v. Remeo*, 457 U.S. 307 (1982) .................................................................................. 10

*Zeitlin v. Palumbo*, 532 F. Supp. 3d 64 (E.D.N.Y. 2021) ............................................................... 9

**Statutes**

42 U.S.C. § 1983 ................................................................................................................... *passim*

42 U.S.C. § 1396r ........................................................................................................................ 5

Defendant Governor Cuomo,[1] by and through his undersigned counsel, respectfully submits this reply brief in further support of his Motion to Dismiss (the "Motion") the claims alleged against him in the Second Amended Complaint (the "SAC").[2]

## PRELIMINARY STATEMENT

Plaintiffs' opposition fails to meaningfully address pertinent and controlling caselaw that requires dismissal of the SAC based on actions by New York State officials in issuing two Advisories to nursing homes during the early days of an unprecedented public health crisis that threatened to overwhelm and paralyze the state's health care system.[3] *First*, there is no viable Section 1983 claim because Plaintiffs fail to allege any specific personal involvement by Governor Cuomo in the deprivation of a constitutional right of the Decedents. *Second*, Plaintiffs' contention that Governor Cuomo's actions relating to the Advisories should be judged under a "strict scrutiny" standard is meritless because that standard does not apply outside of the Free Exercise context. *Third*, Plaintiffs have no 1983 claim because the FNHRA is not enforceable against Governor Cuomo, and the alleged conduct was not "conscience shocking." *Fourth*, all of Plaintiffs' claims fail because they have not and cannot allege any facts—beyond speculation—

---

[1] For ease of reference, defined terms herein are used as they are referenced in the original Memorandum of Law in Support of Governor Cuomo's Motion to Dismiss ("Mov. Mem.").

[2] Governor Cuomo incorporates by reference the legal arguments made in the reply briefs on behalf of the remaining Defendants to the extent those arguments apply to the individual capacity claims against Governor Cuomo.

[3] A claim must be "plausible" to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As such, the court generally must accept a complaint's allegations as true and draw inferences in a plaintiff's favor. *See H.J. Inc. v. Nw. Bell. Tel. Co.*, 492 U.S. 229, 249-50 (1989). The court, however, need not accept as true legal conclusions or conclusory allegations. *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014). The bulk of Plaintiffs' allegations, in the Second Amended Complaint, and in the Opposition Memorandum, are simply that: legal conclusions or statements of the law, and conclusory allegations unsupported by the underlying facts.

that there was a causal relationship between the Advisories and the deaths of Plaintiffs' parents. *Fifth*, because Plaintiffs' conspiracy claim is based on nothing more than conclusory and boilerplate allegations, that claim must be dismissed. *Sixth*, Plaintiffs' wrongful death allegations fail because of the lack of factual allegations pleading causation or pecuniary loss. *Finally*, Governor Cuomo is entitled to qualified immunity because the Defendants' actions relating to the Advisories were reasonable given the unique circumstances and there was no violation of any clearly established right.

## ARGUMENT

### I. PLAINTIFFS' FEDERAL CLAIMS SHOULD BE DISMISSED

#### A. Governor Cuomo's Lack of Personal Involvement In The Deprivation of Any Right

Apparently recognizing that they have not alleged the kind of personal involvement in the deprivation of any right, as is required for § 1983 claims, Plaintiffs attempt to save their deficient SAC by citing to exhibits (largely hearsay) *that were not part of the SAC*. *See, e.g.*, Opp. Mem. at 10-13 (citing Spilbor Decl., Exs. H, N). Those exhibits should not be considered because Plaintiffs are limited to what they have alleged in the SAC. *Giggetts v. Cnty. of Suffolk*, No. 19-CV-4885, 2022 WL 1046311, at *3 (E.D.N.Y. Apr. 7, 2022). Nonetheless, Plaintiffs allege nothing more than that Governor Cuomo was the Governor of New York during the pandemic, Governor Cuomo and others issued the Advisories, and Governor Cuomo's "name[] and title[] appear[s] at the top" of the Advisories, *see* Opp. Mem. at 10-11, which amounts to nothing more than an allegation of *respondeat superior* liability. That is insufficient to constitute personal involvement for § 1983 claims. *See Tangreti v. Bachmann*, 983 F.3d 609, 617–18 (2d Cir. 2020). Further, Plaintiffs ignore the recent decision in *Mauro v. Cuomo* holding that involvement in issuing Executive Orders and Advisories like the ones at issue here does not constitute personal involvement for purposes of

2

§ 1983. *See Mauro v. Cuomo*, 21-CV-1165 (HG) (ARL), 2023 WL 2403482, at *5 (E.D.N.Y. Mar. 8, 2023) (granting motion to dismiss § 1983 complaint against Governor Cuomo and finding that he had qualified immunity). The *Mauro* court ruled that even if "[Governor] Cuomo participated in issuing executive orders and guidance regarding the COVID-19 pandemic, [the nursing home] was responsible for enforcing those mandates." *Id.* at *5. The SAC makes no allegations that Governor Cuomo took any individual action regarding the Decedents' care or treatment at the facilities. Allegations of nothing more than "linkage in the chain of command" are insufficient. *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985). Thus, Counts One through Three should be dismissed.[4]

### B. The "Strict Scrutiny" Standard Does Not Apply

Plaintiffs argue that that Defendants' actions in issuing the Advisories should be assessed under a "strict scrutiny" standard. Plaintiffs rely on *Agudath Israel of America v. Cuomo*, 983 F.3d 620, 635 (2d. Cir. 2020) and *Roman Catholic Diocese of Brooklyn v. Cuomo*, 592 U.S. 14 (2020), to argue that no deference should be given to Defendants actions in issuing the Advisories since they "infringe on constitutional rights," Opp. Mem. at 8. But those two cases involved the Free Exercise Clause and, therefore, have no bearing on Plaintiffs' claims.

In *Agudath Israel*, the Circuit held that COVID restrictions that infringe on the Free Exercise Clause—namely, restrictions on attendance at religious services—must be evaluated under strict scrutiny. *See* 983 F.3d at 635; *see also Roman Catholic Diocese of Brooklyn*, 592 U.S.

---

[4] Plaintiffs' outlandish suggestion that Governor Cuomo and the other individual defendants should have submitted sworn affirmations that they had nothing to do with the promulgation of the Advisories should be disregarded. Opp. Mem. at 13. On a Rule 12(b)(6) motion, the only inquiry is whether Plaintiffs have carried their burden to plead facts showing Governor Cuomo's involvement. *See, e.g.*, *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996). For the foregoing reasons, they have not.

at 16 (same). Here, the Advisories in no way implicated the Free Exercise Clause and Plaintiffs' suggestion that *Agudath Israel* extends beyond the Free Exercise Clause is wrong. *See* 983 F.3d at 635 ("In *Jacobson*, the Supreme Court upheld a mandatory vaccination law against a substantive due process challenge. *Jacobson* predated modern constitutional jurisprudence of ties of scrutiny, was decided before the First Amendment was incorporated against the states, and 'did not address the free exercise of religion.'") Indeed, the Second Circuit specifically noted that the *Agudath Israel* holding is distinguishable on First Amendment grounds from *Jacobson v. Massachusetts*— a case resulting from this country's last pandemic, approving a vaccine mandate, 197 U.S. 11 (1905)—which has been cited with approval in the COVID context by the Supreme Court. *Agudath Israel*, 983 F.3d at 635; *see S. Bay United Pentecostal Church v. Newsom*, 140 S. Ct. 1613, 1613-14 (2020) (citation omitted) (Roberts, J., concurring) (citing *Jacobson* and reasoning that wide latitude should be afforded to state officials for pandemic-related decisions); *Guettlein v. U.S. Merch. Marine Acad.*, 577 F. Supp. 3d 96, 105 (E.D.N.Y. 2021) (same). Thus, Defendants' actions in connection with the Advisories were inherently reasonable given the unprecedented nature of the virus and its impact on the state healthcare system and, therefore, should be afforded deferential treatment. *See* Mov. Mem. at 18, 23-24).

### C. Plaintiffs Have Not Alleged a Violation Of Federal Constitutional or Statutory Law For A § 1983 Claim

#### 1. The FNHRA Does Not Apply

Plaintiffs fail to address Governor Cuomo's argument that the FNHRA provisions relied upon by Plaintiffs are directed at conduct *by a nursing home* and, therefore, recovery is precluded against Governor Cuomo under the FNHRA because he is not a nursing home owner or operator. *See* Mov. Mem. at 9, 21. Thus, they have conceded the point.

4

Moreover, the specific FNHRA provisions relied upon by Plaintiffs do not give rise to an enforceable right under § 1983. Plaintiffs inaptly rely on *Health and Hospital Corporation of Marion County v. Talevski*, 599 U.S. 166, 166 (2023) for the premise that every provision of FNHRA is an enforceable right under § 1983. In *Talevski*, the Court recognized two narrow FNHRA rights enforceable under § 1983, 42 U.S.C. § 1396r(c)(1)(A)(ii) (unnecessary-restraint provision) and 42 U.S.C. § 1396r(c)(2)(A)-(B) (predischarge notice provision). Plaintiffs' FNHRA claims do not fall under either of these specific provisions. Instead, Plaintiffs attempt to expand *Talevski*'s narrow holding beyond its plain meaning. *See* Opp. Mem. at 16. Such a conclusion is precluded by the Court's own limitation of its holding, unambiguously writing, "FNHRA secures *the particular rights* that Talevski invokes." *Talevski*, 599 U.S. at 192 (emphasis added).

### 2. The State-Created Danger Doctrine Does Not Apply

Beyond rhetorically questioning whether *Lombardi v. Whitman*, 485 F.3d 73, 80 (2d Cir. 2007) is still good law, Plaintiffs have no claim under § 1983 for an alleged violation of "the right to be free from state-created danger." First, Plaintiffs allege no facts to suggest that the issuance of the Advisories was "conscience shocking" and thus there can be no substantive due process violation. The Advisories were issued in the context of an unprecedented public health emergency, which required quick and decisive decisions to ensure the hospital system would not collapse. Mov. Mem. at 1-5; *see Lombardi*, 485 F.3d at 82 ("In the apparent absence of harmless options at the time decisions must be made, an attempt to choose the least of evils is not itself shocking.") Plaintiffs, years later, try to impinge new facts in both their opposition to this Motion and more generally about what options were available to Governor Cuomo when confronting the COVID-19 crisis: this is exactly the kind of "Monday Morning Quarterbacking" Plaintiffs argue they are not engaging in. Opp. Mem. at 22.

Second, there are no allegations that Governor Cuomo encouraged or sanctioned "private violence" against the Decedents, as is required for the "state-created" danger exception to apply. *See Golian v. N.Y.C. Admin. for Children Servs.*, 282 F. Supp. 3d 718, 730 (S.D.N.Y. 2017) (noting that for the "state created danger" doctrine to apply, "the state agent encouraged or officially sanctioned . . . private violence").

For these reasons, Plaintiffs have no viable claims under § 1983 for alleged deprivation of rights.

### D. Plaintiffs Fail to Plead That the Advisories Were the Proximate Cause the Injury

While Plaintiffs assert that this Court should apply a "toxic tort" causation test, Opp. Mem. at 30, such a test cannot save their claims because the SAC does not allege even the most basic facts that might establish any causal connection between the Advisories and the alleged injury, *i.e.*, the contraction of COVID and subsequent deaths. There are no allegations as to: whether any of the Decedents were exposed to anyone with COVID; whether and when each of their respective facilities had their first confirmed COVID case; or that the admission of someone with COVID to the facility (as opposed to a staff member or someone else) caused Decedents to contract COVID. *See Pagan v. City of New York*, 15-CV-5825 (LDH) (RLM), 2019 WL 8128482, at *3 (E.D.N.Y. Mar. 28, 2019) ("The proximate cause inquiry focuses on 'whether a cause is a substantial factor in bringing about the harm, or whether the cause is too remotely or insignificantly related to the harm to be a legal basis for liability.") Absent such factual allegations regarding the causal connection, the Section 1983 claim must fail.

### E. The Federal Conspiracy Claims Fail

Plaintiffs abandoned their Section 1985(3) conspiracy claim (Count Three), leaving only Count Two, the Section 1983 conspiracy claim. *See* Opp. Mem. at 28, n.1. And Plaintiffs'

6

opposition brief does not argue anything other than the conclusory assertions in the SAC regarding a conspiracy. Recognizing the frailty of the remaining conspiracy claim, Plaintiffs merely emphasize that conspiracies are "secretive" and can be proven with "circumstantial" evidence. *Id.* at 28-29. Plaintiffs' claims are of the type regularly dismissed where plaintiffs can only plead with boilerplate language that the defendants acted in concert or that defendants' interests were aligned. *See, e.g., Morpurgo v. Incorporated Village of Sag Harbor, et al.*, 697 F. Supp. 2d 309, 337 (E.D.N.Y. 2010) ("Merely conclusory allegations that a private individual or entity acted in a concert with a state actor does not suffice to state a Section 1983 claim against the private actor." (citation omitted)). And Plaintiffs do not allege or address in their opposition what particular "overt act" was committed by Governor Cuomo in furtherance of the alleged "conspiracy," thus defeating their claim. *See* Mov. Mem. at 12-13. Thus, the Court should dismiss Counts Two and Three.

## II.  STATE WRONGFUL DEATH CLAIM FAILS

Plaintiffs fails to allege a specific wrongful act by Governor Cuomo that caused the Decedents' death, and that the Decedents were survived by distributees who suffered pecuniary loss. *See Chamberlain v. City of White Plains*, 986 F. Supp. 2d 363, 398 (S.D.N.Y. 2013). Governor Cuomo's moving brief demonstrates that Plaintiffs failed to adequately plead a causal connection between (a) the alleged misconduct, *i.e.*, the issuance of the Advisories, and (b) the injury, *i.e.*, the contraction of COVID and the deaths of Plaintiffs' parents. *See* Mov. Mem. 15-17; *see also, e.g.*, *Pagan v. City of New York*, 15-CV-5825 (LDH) (RLM), 2019 WL 8128482, at *3 (E.D.N.Y. Mar. 28, 2019). Plaintiffs' theory of causation is that Defendants' "collective acts and/or omissions were a 'substantial factor' in bringing about [the decedents'] demise, and that this series of actions that foreseeably resulted in the deaths of numerous nursing home patients." Opp. Mem. at 32. Despite Plaintiffs' contention that this theory "is fully consistent with established legal principles" (without citation to caselaw), *id.*, generalized allegations regarding state-wide policy do not suffice to plead

7

causation as to each Decedent and their particular injury. Thus, Plaintiffs' claims should be dismissed. *See L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011) (claims may be insufficiently pled on causation grounds where there exist "alternative explanations so obvious that they render plaintiff's inferences unreasonable"); *see also* Mov. Mem. at 15-17. Indeed, the SAC is devoid of specific allegations regarding any duty Governor Cuomo owed to each Decedent and a breach of that duty that caused the injury.

As for pecuniary loss, while Plaintiffs argue that pecuniary loss calculation is a question of fact for the jury, Opp. Mem. at 32-33, the failure to allege pecuniary loss beyond vague mention makes their claim deficient as a matter of law. *See Chamberlain*, 986 F. Supp. at 398-99. Finally, the Newman claim is untimely, and Plaintiffs' opposition does not contest this, thereby conceding the point. Instead, Plaintiffs only address the timing of *Arbeeny's* original complaint, apparently arguing (without support) that Newman's claim can be bootstrapped to the timing of the original complaint. This argument should be disregarded.

### III. GOVERNOR CUOMO IS ENTITLED TO QUALIFIED IMMUNITY

As set forth in his opening brief, Governor Cuomo is entitled to qualified immunity in connection with the issuance of the Advisories, which sought to address a public health crisis that would overwhelm the state's healthcare system in the early phase of the pandemic. Critically—and fatal to Plaintiffs' claims—"federal courts around the country have granted state officials qualified immunity at the motion to dismiss stage for restrictions implemented during the COVID-19 pandemic on account of the public health crisis, and the ongoing and changing circumstances."

*Mauro*, 2023 WL 2403582, at * 6.[5] The Defendants' alleged actions regarding the Advisories are precisely the kind of state actions to which qualified immunity applies.

Moreover, Plaintiffs have not pled facts to support their assertion that the issuance of the Advisories in the spring of 2020 violated "multiple clearly established rights" to overcome Governor Cuomo's entitlement to qualified immunity. *See Mauro*, 2023 WL 2403482, at *6 ("Because our understanding of the COVID-19 pandemic was and is evolving, the Court is not aware of any precedent that would have made it clear to the Defendants that the measures they took were unreasonable responses to a public health crisis."); *see also Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013). Beyond failing to allege personal involvement or causation, *supra* Section I, the rights alleged are not sufficiently particular such that "a reasonable officer understood what he or she did to violate those rights" because "[t]he [Advisories] were implemented in the throes of a rare, once-in-a-century global health crisis for which guidance has

---

[5] While Plaintiffs argue that they are entitled to discovery prior to a ruling on qualified immunity, they ignore the fact that. courts rule on qualified immunity at the motion to dismiss stage precisely to avoid imposing needless burden on former officials. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."); *Francis v. Coughlin*, 849 F.2d 778, 780 (2d. Cir. 1988) (qualified immunity, "not only insulates the officials from liability, but it also conveys a concomitant 'entitlement not to stand trial or face the other burdens of litigation, including the conduct of pretrial discovery.'") (citation omitted). Moreover, Plaintiffs' suggestion that discovery *may* reveal evidence proving their claims, Opp. Mem. at 5-7, is an implicit admission that they do not satisfy the proper pleading standards. *See Zeitlin v. Palumbo*, 532 F. Supp. 3d 64, 70 (E.D.N.Y. 2021). Although there is no single "fatal combination of magic words" that makes a complaint deficient, a litigant cannot render conclusory allegations non-conclusory by asserting that "the facts in question are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible." *Goodman v. Goodman*, 2022 WL 17826390, at *12 (S.D.N.Y. Dec. 21, 2022) (cleaned up). Rather, "discovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim." *Zeitlin*, 532 F. Supp. 3d at 70 (citation omitted).

constantly evolved." *Est. of DeRosa v. Murphy*, No. 22-2301(ZNQ)(TJB) 2023 WL 3431218, at *5 (D.N.J. May 12, 2023) (citation omitted).

Given this backdrop, Plaintiffs have not pointed to a single case holding that the alleged rights at issue are enforceable against state officials under § 1983. With respect to the right to be free from cruel, unhuman, or degrading treatment, Plaintiffs only muster out-of-circuit cases for the proposition that the right to be free from cruel, unhuman, or degrading treatment is "universal," but offer no authority that it is enforceable here. Similarly, regarding the right to safe conditions," Plaintiff themselves acknowledge that their claim is baseless: "[d]efendants will presumably argue that this right is only applicable to prisoners and the institutionalized, *but not nursing home residents*." Opp. Mem. at 18 (emphasis added). To be clear, the very cases cited by Plaintiffs warrant the conclusion that the enforceability of this right has not been extended to nursing home residents. *See Youngberg v. Remeo*, 457 U.S. 307 (1982) (institutionalized plaintiff); *Vegam v. Semple*, 963 F.3d 259 (2d. Cir. 2020) (incarcerated plaintiff). Further, Plaintiffs misconstrue *Mauro*, which plainly found that Governor Cuomo was entitled to qualified immunity. 2023 WL 2403482 at *7. Nor do Plaintiffs have a claim under § 1983 for violating their alleged right to life. Plaintiffs rely on *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 848 (1998) for that proposition, but that case made clear: "the Fourteenth Amendment is not a 'font of tort law to be superimposed upon whatever systems may already be administered by the States.'" *Id*. (citation omitted). Finally, Plaintiffs fail in establishing a § 1983 claim for the violation of the alleged "right to bodily integrity" because the issuance of the Advisories was simply not "conscience-shocking," as demonstrated *supra*. *See Lombardi*, 485 F.3d at 79.

10

**CONCLUSION**

For the foregoing reasons, Defendant Governor Cuomo respectfully requests that the Court grant his Motion to Dismiss the SAC without further leave to amend.

Dated:  January 23, 2024
        New York, New York

                            Respectfully submitted,

                             /s/ Rita M. Glavin

                            Rita M. Glavin
                            Katherine E. Petrino
                            Leo Korman
                            GLAVIN PLLC
                            156 West 56th Street, Ste. 2004
                            New York, NY 10019
                            Tel: (646) 693-5505
                            rglavin@glavinpllc.com

                            *Attorneys for former Governor Andrew M. Cuomo*